## No. 9409.

### The State ex rel. New Orleans Gas Light Company vs. Judge Division "C," Civil District Court, Parish of Orleans.

A *mandamus* does not lie to compel the granting of an injunction, where the averments of the petition show that, if allowed. it would, or might, clash with another injunction issued by another court, apparently first seized of jurisdiction over the same matter, in a litigation between the same parties.

APPLICATION for Mandamus.

*T. J. Semmes & Payne* for the Relator.

Respondent Judge *in propria persona.*

The opinion of the Court was delivered by

BERMUDEZ, C. J.    This is an application for a *mandamus.*

The relator complains that he has presented to the Civil District Court a petition in which, after setting forth sufficient reasons, he prayed for an injunction to prevent Lemarié, the defendant in the suit, from igniting, burning, or using, in any way, the gas manufactured by it, which flows through its mains and pipes, and is introduced into the dwelling-house of said defendant in this city; that the judge of said court, to whom the case was allotted, illegally declined to allow him such injunction, and that he is entitled to the remedy.

The judge returns mainly: that the reason for which he refused the relief is, that the petition submitted discloses the fact that the question of the right of the relator to cut off the supply of gas from the premises of the same defendant, has been submitted to one of the city courts

by means of a suit instituted by said party, wherein the relator has been enjoined from cutting off such supply of gas; that said city court, having been thus apparently first seized of jurisdiction of the subject-matter, he felt that he could not issue the injunction without interfering with and impinging upon the jurisdiction of said city court. The district judge acted discretely.

In the case of the State ex rel. the New Orleans Gas Light Company vs. Judge Second City Court, just decided, which discloses an application for a prohibition to prevent the judge of said court from taking cognizance and determining the matter involved in the suit to which the district judge refers, we have held that said city court had no jurisdiction over such a controversy, and granted the writ.

From the averments made by the company in its petition to the district court for an injunction, we think the district judge was authorized to decline the relief asked, as he did.

The objection of the district judge has ceased to have any foundation to rest upon. A renewed application for the same relief may prove successful. If, upon a proper representation of the facts subsequently occurred, he was to decline, the relator might not be without remedy.

It is, therefore, ordered and decreed that the application herein be dismissed, with costs.